**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

ELAINE COPE,

            Plaintiff,

v.

CREDITORS FINANCIAL GROUP LLC, a New York limited liability company,

            Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**PARTIES**

4. Plaintiff, Elaine Cope, is a natural person who resides in the City of Bennett, County of Adams, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Creditors Financial Group LLC, is a New York limited liability company operating from an address at 3131 S. Vaughn Way, Suite 120, Aurora, Colorado, 80014.

7.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     The Defendant is licensed as a collection agency by the state of Colorado.

9.     The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10.    Sometime before December 2007 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

11.    The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    The Account went into default with the original creditor.

13.    Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from the Plaintiff.

14.    In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

15.     In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff while attempting to collect the Account including calling the Plaintiff back immediately after the Plaintiff hung up the telephone on them.

16.     On or about July 23, 2008, the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff over 15 times between 8 am and 5 pm Mountain Standard Time.

17.     During the telephone calls the Defendant and /or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to take the Plaintiff to Court including repeatedly giving the Plaintiff a false Court case number.

18.     During the telephone calls the Defendant and /or representatives, employees and / or agents of the Defendant repeatedly yelled at the Plaintiff while attempting to collect the Account.

19.     In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly left voicemail messages for the Plaintiff that did not contain the language required by FDCPA 1692e(11).

20.     On or about July 14, 2008, at or around 12:46 pm Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account called the Plaintiff and left the following

voicemail message: "Hi, yes, hello, Ms. Cope this is Fernando giving you a call once again with the offices of Creditors Financial Group. If you could be so kind as to return the call. The phone number here is 1-888-298-7107 extension 2262. I am calling on behalf of our client and we have a case number for you: (Redacted). Ms. Cope I am trying to reach you to see if we can resolve this on a voluntary basis. Our client has an out of Court settlement available for you at this time and our office is out here in Aurora, Colorado. If you have any questions please give us a call as soon as possible. Once again this out of Court settlement is time sensitive and you will need to return this call as soon as possible to go ahead and take advantage of that. Our phone number here once again is, I am going to give you the local number is 303-369-2345. Ms. Cope, please give me a call before its too late and they move forward against you. Alright, so I will be available today in the office. I won't be available much longer but I will be in the office tomorrow from 11 to 9 your time and I will be expecting your call in between those hours to see if we can solve this on a voluntary basis. It is very important that you return this phone call. Thank you."

21. On or about July 17, 2008, at or around 3:20 pm Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account called the Plaintiff and left the following voicemail message: "This message is for Elaine Cope and Elaine Cope only. Ms. Cope, I expected better from you Mam. Given your track record. Given that you wanted to go ahead and hear me out and see if we can solve this on a voluntary

basis. It does you no good to hang up on me Mam. I will go ahead and notate the account now that you refuse to take care of this on a voluntary basis and that you want them to go ahead and proceed against you and that's going to be it Mam. I am just trying to help you out to see if we can solve this voluntarily. Unfortunately the phone calls will continue until you have to go ahead and see somebody else in regards to this account Mam. This is our final attempt to try to help you with this voluntarily Elaine. I suggest that you come to some sense Mam and listen to me and hear me, what I have to say in regards to this account. My phone number here, I am sure that you have it on your caller ID by now, 303-369-2345. Its not helping you out by you hanging up on me Mam. You need to take care of your responsibility and I am here to help you out to see if we can reach some sort of agreement. If we can't reach an agreement then fine Mam but at the same time they will proceed against you if you do not take action on your own behalf. I will be here if you need me Mam."

22.    On or about July 2008 the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account called the Plaintiff and left the following voicemail message: "This message is for Elaine Cope and Elaine Cope only. If you are not Ms. Cope please hang up. Elaine this is Fernando giving you a call again with the offices of Creditors Financial Group. Mam, its really not doing you any favors by you ignoring my calls. I am here to tell you that you do owe this money and that you are legally responsible for this money. Take care of your responsibilities. And if you do want to solve this on a

voluntary basis you need to return the call immediately. Its not helping you out ignoring my phone calls Mam because at the end of the day they will go ahead and proceed against you. But before they do we will contact you every day until you go ahead and show us proof why you are not responsible for this account. If you have proof Mam, then I need to have it so that I can go ahead and stop all action against you but until then you need to return this call immediately and take care of your responsibilities. Phone number here, I am sure you have it, is 303-369-2345. I need to hear from you immediately Mam."

23.    The Defendant has not filed any legal action(s) against the Plaintiff.

24.    The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

25.    The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

26.    The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

27.    The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

28. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

29. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

30. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

31. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

32. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

33. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

34. The previous paragraphs are incorporated into this Count as if set forth in full.

35. The acts and omissions of the Defendant and its representatives, employees and

/ or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(5), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

36.    The Defendant's violations are multiple, willful and intentional.

37.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,


 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff